## WHITCOMB v. SHULTZ.

(Circuit Court of Appeals, Second Circuit. June 3, 1914.)

No. 206.

1. TRIAL (§ 260*)—REQUEST TO CHARGE—DENIAL—INSTRUCTIONS GIVEN.
    Refusal of a request to charge is not error, where the court's charge was full, careful, and impartial and properly covered the request.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

2. SALES (§ 69*)—SALE BY SAMPLE—DUTY TO MANUFACTURE PARTS.
    Where plaintiff's assignor contracted to manufacture certain vending machines according to a specified model, it was not bound to manufacture all the parts itself.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 183; Dec. Dig. § 69.*]

3. SALES (§ 166*)—MANUFACTURED ARTICLE—VENDING MACHINES—OPERATION.
    Where plaintiff's assignor contracted to manufacture certain vending machines according to a specified model, it performed its contract if it made the machines substantially like the model, and was not responsible for their operation.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 391–400, 402; Dec. Dig. § 166.*]

4. SALES (§ 372*)—CONTRACTS—BREACH—SUBSEQUENT CONSIDERATION.
    Where a contract to manufacture certain vending machines for defendant's principal was never completed because the principal repudiated the same after a small portion of the machines had been delivered, the fact that plaintiff's assignor failed to keep in its possession the dies, patterns, etc., so as to be able to perform a provision of the contract that it surrender the same on demand in first-class condition on completion of the contract, was immaterial in an action for breach thereof.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1089; Dec. Dig. § 372.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the Southern District of New York.

Action by George S. Shultz against James A. Whitcomb. Judgment for plaintiff, and defendant brings error. Affirmed.

J. M. Gazzam, of New York City, for plaintiff in error.
A. J. Rose, of New York City, for defendant in error.

Before LACOMBE, WARD and ROGERS, Circuit Judges.

WARD, Circuit Judge. The Great American Automatic Vending Machine Company, plaintiff's assignor, agreed to manufacture for the Robertson Sales Company 10,000 vending machines like a model submitted. The defendant Whitcomb became surety for the faithful performance of the contract by the Sales Company. By January 1, 1910, the Vending Company had delivered 2,100 machines, after which date the Sales Company refused to receive any more. Thereupon the plaintiff brought this action at law against the defendant as surety, to recover the damages sustained by the Vending Company, being first, the balance due and unpaid upon the 2,100 machines delivered, with interest at 6 per cent; second, the cost of materials purchased for the manufacture of the 10,000 machines, less what was used in the 2,100 delivered; third, the profits on the 7,900 machines remaining to be delivered. The jury returned a verdict for the plaintiff. This is a writ of error to a judgment entered thereon.

[1] Many errors are assigned because of Judge Mack's refusal to charge as requested, but we think that his charge was full, careful and impartial and properly covered the requests.

[2] The defendant relies greatly on the proposition that the plaintiff did not manufacture the machines because it employed other parties to make many of the parts and therefore has no cause of action. The court rightly charged the jury that the plaintiff's assignor was not obliged itself to manufacture all the parts. There was evidence that the model submitted was manufactured in the same way and' that the officers of the Sales Company knew before they repudiated the contract that the Vending Company was itself making only some parts of the machine, employing third parties to make other parts.

[3] The material question was whether the Vending Company manufactured machines substantially like the model. If it did, it performed its contract. It was not responsible for the operation of the machines. This question was fully and fairly presented to the jury, who decided it in the plaintiff's favor upon a conflict of testimony and this finding is binding upon us.

[4] The defendant also contends that the plaintiff failed to perform the contract because it did not keep in its possession the dies, patterns, etc., so as to be able to conform to the requirement of the contract that it should deliver the same to the Sales Company upon its demand in first-class condition upon the completion of the contract. This is a quite immaterial consideration, because the contract never was completed, having been repudiated by the Sales Company after 2,100 machines had been delivered.

The trial occupied nearly three weeks and the defendant took a multitude of hypercritical exceptions to the proof of damage offered by the plaintiff. The unpaid balance due upon the machines actually delivered was a mere question of mathematics. In respect to the cost of material ordered by the plaintiff's assignor, there was primary proof, confirmed by the receipted bills of the vendors and the plaintiff's checks in payment thereof. Finally, there was evidence as to the cost of making the machines as compared with the price the plaintiff was to receive, showing the loss of profits. There was sufficient competent evidence to enable the jury to determine the amount of the plaintiff's damages with reasonable certainty, and we are not disposed to be astute to discover and discuss errors in this long trial which in our opinion were harmless.

The judgment is affirmed.